IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-8-BO

SHAMONI GIBBS, Administrator )
of the Estate of William C. Gibbs, III, )
    Plaintiff, )
)
v. ) **ORDER**
)
WAFFLE HOUSE STORE Number 1919, *et al.*, )
    Defendants. )

This matter is before the Court on defendants Lenoir County's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Waffle House Store Number 1919's motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(6) of the Federal Rules of Civil Procedure . [DE 16, 19]. Plaintiff has not responded and the time frame within which to do so has elapsed. Accordingly, the motions are ripe for ruling. For the reasons stated herein, both defendants' motions to dismiss are GRANTED.

## BACKGROUND

This action stems from the fatal shooting of William Gibbs that occurred outside of a Waffle House restaurant in Kinston, North Carolina on or about November 25, 2013. Plaintiff alleges that Lenoir County Sheriff's Department Deputies Joseph Heck and William Aaron Shambeau, "off duty officers," were hired by Waffle House to provide security in August 2013. While at Waffle House on November 25, 2013, they heard gunfire. Both deputies ran to the parking lot with their guns drawn, where they saw Mr. Gibbs with a firearm. They instructed him to drop his gun and raise his arms. Plaintiff alleges that Mr. Gibbs complied, after which Deputies Heck and Shambeau shot Mr. Gibbs multiple times, resulting in his death. An unknown male who initiated the gunfight allegedly fled the scene.

Plaintiff filed suit in Wayne County Superior Court on November 20, 2014, setting forth civil and constitutional claims arising under state law and federal claims arising under 42 U.S.C. § 1983 relating to Mr. Gibbs's death. Plaintiff named as defendants Waffle House Store Number 1919 (Waffle House), Lenoir County, the Lenoir County Sheriff (the Sheriff), and Deputies Joseph Heck and William Aaron Shambeau (the deputies).

Defendants removed the case to federal court on January 7, 2015, based upon the allegations of a federal cause of action. Lenoir County and Waffle House have filed motions to dismiss, while the remaining defendants have filed answers denying wrongdoing and liability.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555–56). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

I. LENOIR COUNTY

A local government is liable under § 1983 only for its policies or customs that cause constitutional injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694

(1978). It follows, therefore, that "[a] county may only be held liable for acts for which the county has final policymaking authority." *Little v. Smith*, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000). Whether a county has final policymaking authority in a specific area is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988).

In North Carolina, sheriffs are substantially independent from county governments. *Parker v. Bladen County*, 583 F.Supp.2d 736, 739 (E.D.N.C. 2008). Sheriffs are directly elected and are not employed by the Board of County Commissioners. *Id.* Each elected sheriff "has the exclusive right to hire, discharge, and supervise the employees in his office." N.C. Gen. Stat. §153A–103(1). Each sheriff may not delegate this authority to another person or entity. N.C. Gen. Stat. § 162–24. It is clear, therefore, that the Sheriff himself, not the county within which he works, has final policymaking authority over hiring, supervising, and discharging personnel in the sheriff's office. *Parker*, 583 F.Supp.2d at 739 (citations omitted); *Little*, 114 F.Supp.2d at 446; *Clark v. Burke County*, 450 S.E.2d 747, 749 (N.C. Ct. App. 1994). Under North Carolina law, a sheriff's deputy "is an employee of the sheriff, not the county." *Clarke*, 450 S.E.2d at 749.

Plaintiff alleges that Lenoir County failed to adequately train and supervise the deputies who shot Mr. Gibbs and negligently implemented policies and customs enabling employees to engage in such behavior, thereby violating plaintiff's constitutional rights. As these allegations are employment and training related, they constitute personnel decisions over which the Sheriff, not Lenoir County, has exclusive authority. *Little*, 114 F.Supp.2d at 446; *Clark*, 450 S.E. 2d at 749. Any injury resulting from the deputies' actions cannot lead to liability on any of plaintiff's claims for Lenoir County. Accordingly, Lenoir County must be dismissed from this action as plaintiff has failed to state a claim upon which relief can be granted as to that defendant.

3

II.  WAFFLE HOUSE

Against Waffle House, plaintiff alleges a § 1983 claim for failure to train (Count Six), state law claims for failure to train and supervise (Count One) and negligent supervision (Count Three) and violations of the North Carolina Constitution (Count Seven).

A. Counts Six and Seven (Section 1983 and North Carolina Constitution)

To implicate 1983, "conduct must be 'fairly attributable to the State.'" *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Id.* In order to establish a violation of North Carolina's Declaration of Rights, there also must be state action. *Weston v. Carolina Medicorp, Inc.*, 402 S.E.2d 653, 657 (N.C. Ct. App. 1991); *Bailey v. Flue Cured Tobacco Coop. Stabilization Corp.*, 581 S.E.2d 811, 816 (N.C. Ct. App. 2003).

Plaintiff's § 1983 claims and North Carolina constitutional claims against Waffle House fail as a matter of law because the complaint contains insufficient facts to establish that Waffle House was engaged in state action. The complaint alleges that Waffle House is "a corporation licensed to do business in the state of North Carolina," and that Waffle House hired "off duty officers" to provide security services at its privately owned restaurant. [DE 1–1]. Based on these allegations, it is clear Waffle House is not a state actor.

Moreover, these facts are insufficient to establish a sufficiently close relationship to state action. *See Morales v. Richardson*, 841 F.Supp.2d 908, 913 (D.Md. 2010), *aff'd*, 475 F. App'x 894 (4th Cir. 2012) (holding that there was no state action where plaintiff sued a police officer who was hired to provide security at a fraternity party where plaintiffs made "only the bare

4

assertion that . . . [the police officer] was acting in with the scope of his employment for the county"). "Merely private conduct, no matter how discriminatory or wrongful, is not state action. Acts of police officers 'in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983.'" *Id.* (quoting *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989). Here, plaintiff alleges that the deputies were off duty when working for Waffle House. Plaintiff makes no allegations that the deputies were uniformed or stated that they were acting as officers of the law during the events that are the subject of the complaint. *Pruitt v. Pernell*, 360 F.Supp.2d 738, 743 (E.D.N.C. 2005). Accordingly, plaintiff's § 1983 claim (Count Six) and North Carolina constitutional claims (Count Seven) against Waffle House must be dismissed pursuant to Rule 12(b)(6) for lack of state action.

B. <u>Counts One and Three (Failure to Train and Supervise and Negligent Supervision</u>

Plaintiff alleges two separate claims against Waffle House for negligent supervision of the off-duty deputies: one for the time period of August 2013, when Waffle House hired the deputies, and another for the time period of November 25, 2013, when the shooting occurred.

In North Carolina, a claim for negligent hiring, supervision, and retention requires proof of:

> (1) the specific negligent act on which the action is founded . . . (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) *either actual notice to the master of such unfitness or bad habits or constructive notice by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision' . . .*; and (3) that the injury complained of resulted from the incompetency proved.

*Moricle v. Pilkington*, 462 S.E.2d 531, 533 (N.C. Ct. App. 1995) (emphasis in original) (quoting *Medlin v. Bass*, 398 S.E.2d 469, 462 (N.C. 1990)). Courts presume "that an employer uses due care in hiring its employees," and a plaintiff "has the burden of showing that the employer did

not use due care or that the employer had actual or constructive knowledge of the employee's unfitness for the job." *Id.* at 534.

Plaintiff's complaint does not allege any facts whatsoever that establish that Waffle House had actual or constructive notice of any unfitness, incompetence or bad habits on the part of the deputies either when they were hired or on the date of the shooting. Plaintiff's factual allegations concerning Waffle House are that Waffle House hired the deputies in August 2013 and the deputies were acting under the control of Lenoir County on November 25, 2015. Plaintiff's allegations contain no basis upon which Waffle House would know or have reason to know that the deputies were incompetent, because the only acts of the deputies alleged in the complaint are those which occurred in August 2013 and on November 25, 2013. Waffle House, "as the employer, obviously could not have prior notice of [its] employees' incompetence on the basis of a present act, even if that act is incompetent as alleged." *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 337 (4th Cir. 2009); *see also Davis v. Matroo*, No. 5:13–CV–233–BO, 2013 WL 5309662 at *5 (E.D.N.C. Sept. 19, 2013) (dismissing negligent hiring claim where plaintiff pled no facts to suggest that the defendant "knew of . . . incompetence of any of the defendants, or notice thereof). Accordingly, plaintiff's allegations of failure to train and supervise (Count One) and negligent supervision (Count Three) must be dismissed as to Waffle House.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 16 and 19] are GRANTED, and defendants Waffle House and Lenoir County are dismissed from this suit.

SO ORDERED, this _29_ day of April, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE